MAYNARD *v.* PAWLING and others.*

(*Circuit Court, N. D. New York.* July 2, 1880.)

1. PATENT—COMBINATION OF PARTS—COMPLETION OF COMBINATION BY RESPONDENT AFTER THE FILING OF THE BILL.—Complainant filed a bill for infringement of a patent for a combination. Before the filing of the bill, respondents had contracted to erect, and did erect, a machine containing all the parts of the combination but one. After the filing of the bill this latter part was added. *Held,* it appearing that this part was not a necessary incident to the machine, and that its use was not contemplated at the time of the construction of the machine, that the bill must be dismissed.

*Reported by Frank P. Pritchard, Esq., of the Philadelphia bar.

Bill for infringement of a patent for an apparatus for hydrating gas.

The claim was for a combination of several elements, one of which was a water-sealing or trapping device. It was shown that respondents had contracted to construct an apparatus which contained all the elements of the combination except the water-sealing device; and that they did construct such apparatus, and delivered it to the purchasers before the filing of the bill. A short time after the filing of the bill, respondents added to the apparatus a water-sealing device. It appeared, however, that this device was not absolutely necessary to the working of the machine, and that it was not put up under any previous understanding with the purchasers.

*Joseph C. Fraley*, for complainant.

*Edward S. Jenney*, for respondents.

BLATCHFORD, C. J. I cannot hold that the plaintiff has established that any infringement of his patent by the defendants, or any of them, took place before this suit was commenced. The Hydrating case, or condenser, made and delivered by Jones and H. H. Pawling to the Waterford mill, after the plaintiff's patent was granted, and before this suit was commenced, had at that time no arrangement for water sealing, nor does it appear, nor can it be inferred, that they there intended that it should afterwards have applied to it any arrangement for water sealing. The plaintiff's patent was issued January 30, 1877. This bill was filed February 21, 1877. Only one of the two patents granted to the defendant Jones was applied for before the plaintiff's patent was issued, or before this suit was brought. That patent, No. 185,640, was applied for December 14, 1876. That patent showed a water-sealing device. Jones' second patent, No. 188,801, was applied for March 12, 1877. As issued, it shows a water-sealing device, but such device was not invented by Jones until after this suit was brought. There is no evidence that it was intended, when the apparatus was sent to the Waterford mill, that it should have the water-sealing device shown in patent No. 185,640, or any

water-sealing device. Of course, it could not then have been intended that it should have the yet uninvented water-sealing device of patent No. 188,801. The water-sealing device afterwards put upon the apparatus was not the water-sealing device of either. No. 185,640 or No. 188,801. A water-sealing device is an essential part of the plaintiff's first claim, which is the only claim alleged to have been infringed.

It is shown that nothing was done towards putting any water-sealing device into the apparatus before this suit was brought; that there was no prior agreement or understanding that the machine should be put up with a water-sealed communication, or with the particular construction of discharge pipes which were afterwards applied to the machine; and that it was not absolutely necessary that the discharge pipe should be so constructed as to be water sealed. I do not think the case is brought within the class of cases where the seller of parts of a patented combination is liable for infringement if there be a concert of action, proved or legally inferable, between him and others who supply other parts necessary to the complete combination. It is not shown that the defendants intended to water seal the apparatus, or that it should be water sealed. This might have been shown, as a fact, but it was not shown. It appears that the apparatus, after being water sealed after this suit was brought, was subsequently altered so as to be used without a water seal. Hence the use of a water seal was not a necessary incident to the apparatus, so as to lead to the conclusion that the construction and sale of the machine necessarily involved the use of a water seal. This case, therefore, does not fall within the principle of *Wallace* v. *Holmes*, 9 Blatchf. 65, and *Turrell* v. *Spaeth*, 8 O. G. 986.

The result is that the bill must be dismissed.